# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**WILLIE GORDON,**

    **Plaintiff,**

v.   Case 2:24-cv-02333-MSN-cgc

**PATRICK M. DANDRIDGE,**
Judge 201 Poplar Avenue, Division 14,
Memphis, Tennessee;
A. COLLINS, Code Enforcement Agent;
D. BURTON, Code Enforcement Agent;
T. SWIFT, Code Enforcement Agent;
And OTHER UNKNOWN CODE
ENFORCEMENT AGENTS,

    **Defendants.**

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

## REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 UNITED STATES CODE SECTION 1915

On May 17, 2024, Plaintiff Willie Gordon filed a *pro se* Complaint and Motion for Leave to Proceed *In Forma Pauperis*. (Docket Entries (D.E.) #1, #2). Pursuant to Administrative Order 2013-05, this case has been referred to the United States Magistrate Judge for management of all pretrial matters.

### I.  Background

Plaintiff's Complaint alleges violations of 42 United States Code Section 1983 ("Section 1983") against Tennessee General Sessions Court Judge Patrick M. Dandridge ("Judge Dandridge"), "A. Collins," "D. Burton," "T. Swift," and other unknown Code Enforcement agents.

Plaintiff alleges that, in July of 2022, he was cited by Memphis & Shelby County Code Enforcement ("Code Enforcement") and required to clean his front porch. (Pl.'s Compl. at PageID 2-3). Plaintiff had a court appearance in which it appears he sought to continue to store building material to renovate his property despite Code Enforcement's citation. (Pl.'s Compl. at PageID 3). Plaintiff avers that the court abused its distraction and violated the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Tennessee Constitution by denying him due process and the right to confront witnesses against him, by denying him the opportunity to speak on his behalf, by having *ex parte* communications, and by ultimately requiring him to discard the building materials. (*Id.*)

Plaintiff's Complaint further contains allegations about his ongoing interactions with Code Enforcement on unidentified dates. (Pl.'s Compl. at PageID 4). Plaintiff alleges that certain unidentified Code Enforcement officers violated his Fourth Amendment rights by coming onto his property without his consent, looking into the windows of his vehicle, and entering his vehicle. (*Id*. at PageID 4-6)

## II.     Motion for Leave to Proceed *In Forma Pauperis*

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $405." 28 U.S.C. § 1914(a).[1] To ensure access to the courts, however, 28 United States Code Section 1915(a) permits an indigent plaintiff to avoid payment of

---

[1] Section 1914(a) requires a civil filing fee of $350. However, pursuant to Section 1914(b), "[t]he clerk shall collect from the parties such additional fees only as prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed, effective December 1, 2023, an additional administrative fee of $55 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. As the Court is granting leave to proceed *in forma pauperis* in this case pursuant to Section 1915, the plaintiff is not liable for the additional $55 fee.

filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form.

In this case, Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

### III.     Section 1915 Screening

As Plaintiff will be permitted to proceed *in forma pauperis*, the Court will continue to conduct a Section 1915 screening. Pursuant to Section 1915, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in *pro se* cases.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a *pro se* litigant's claim for him.  *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Upon consideration of Plaintiff's Complaint, Judge Dandridge maintains absolute judicial immunity for actions taken in his official judicial capacity.  *Morgan v. Board of Professional Responsibility of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6t Cir. 2023) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988)).  Plaintiff's allegations here clearly pertain to matters taken in Judge Dandridge's official capacity, as they are actions taken during a court proceeding over which he presided and the ruling thereIN.  Accordingly, it is RECOMMENDED that Plaintiff's claims against Judge Dandridge fail to state a claim upon which relief may be granted.

With respect to Plaintiff's claims against Collins, Burton, Swift, and other unnamed Code Enforcement agents, his Complaint does not contain any specific allegations against either Burton or Swift and only mentions Collins twice – first, in his allegations that Judge Dandridge permitted Collins to testify over Plaintiff's objection and second, when he alleges that he requested that Collins not enter his property.  As to the latter, Plaintiff does not allege that Collins did not follow his request.  Similarly, as to Plaintiff's allegations that his Fourth Amendment rights were violated

by any Code Enforcement agent entering his property without permission or looking into or entering his vehicle, Plaintiff does not name any specific officer who did so, and he does not provide any allegations regarding any such incident. Accordingly, there is not sufficient factual matter in Plaintiff's Complaint to state a plausible claim for relief. Accordingly, it is RECOMMENDED that Plaintiff's claims against Collins, Burton, Swift, and other unnamed Code Enforcement officers be DISMISSED for failure to state a claim upon which relief may be granted.

### IV.     Certification of Appealability

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision *in forma pauperis*, should he seek to do so.

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed *in forma* pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants yet has sufficient merit

5

to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the Complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed *in forma pauperis* on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

## V.     Conclusion

For the reasons set forth herein, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is GRANTED, but it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

Signed this 14th day of May 2025.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**