IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILLIE GORDON,

    Plaintiff,

v.                                                    Case No. 2:24-cv-02333-MSN-cgc
                                                      JURY DEMAND

PATRICK M. DANDRIDGE, *et al.*,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 8, "Report") entered May 14, 2025. The Report recommends dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.[1] (ECF No. 8 at PageID 59–60.) Plaintiff had fourteen (14) days after being served to file objections. (*Id*. at PageID 60.) Plaintiff has not submitted any objections.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

---

[1] The Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* in this matter. (ECF No. 8 at PageID 56–57.) The Court denies *in forma pauperis* status on appeal not based on Plaintiff's finances but because the appeal would not be taken in good faith.

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

### DISCUSSION AND CONCLUSION

Having reviewed the Report and the entire record in this matter, the Court agrees with the Magistrate Judge's analysis and conclusions. No objections having been filed, the Court finds no clear error in the Report.

The Magistrate Judge expressly warned that:

> ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS AND ANY FURTHER APPEAL.

(ECF No. 8 at PageID 60.)

Despite this clear warning, no objections were filed within the allotted time.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (ECF No. 8) in its entirety.[2] Plaintiff's Complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). The Court further **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) that any appeal in this matter would not be taken in good faith and Plaintiff may not

---

[2] Although Plaintiff's appeal is currently pending, the Court retains jurisdiction under the "clearly nonappealable order" exception. An order dismissing a complaint at the screening stage is not a final appealable order until adopted by the district judge. *See Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 612 (6th Cir. 2024).

proceed on appeal *in forma pauperis*. Plaintiff also filed a Motion to Move Forward with 28 U.S.C. § 1983 Civil Rights Complaint (ECF No. 7), which restates allegation from the Complaint and requests no independent relief. As such, it is **DENIED AS MOOT**.

    **IT IS SO ORDERED**, this 6th day of June, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE